STATE OF NORTH DAKOTA EX REL. R. A. KINZER, Respondent, v. THOMAS HALL, as Secretary of State of the State of North Dakota, Appellant.

(197 N. W. 769.)

**Mandamus — peremptory writ may not be awarded without notice or issuance of alternative writ.**

    The district court may not award a peremptory writ of mandamus, under the statute, § 8460, Comp. Laws 1913, without either due notice given, or the issuance of any alternative writ or order.

Opinion filed March 4, 1924.

Mandamus, 38 C. J. § 707 p. 929 n. 65, 68.

---

Note.—Necessity of notice before peremptory writ of mandamus will issue, see 18 R. C. L. 358.

In District Court, Morton County, *Lembke*, J.

Peremptory writ of mandamus awarded directing secretary of state to certify and print name as a presidential candidate.

Appeal by defendant from the judgment therefor.

Reversed and remanded for further proceedings.

*George Shafer*, Attorney General, *John Thorpe*, Assistant Attorney General, *William Langer*, and *W. H. Slutsman*, for appellant.

*Joseph Coghlan* and *F. O. Hellstrom*, for respondent.

PER CURIAM. This is an appeal from a judgment awarding a peremptory writ of mandamus directing the secretary of state to certify and print upon the ballot the name of Robert M. LaFollette as candidate for the office of President of the United States at the presidential preference primary election to be held March 18, 1924. On March 1, 1924, petitioners presented an application and an affidavit to the trial court in substance alleging that a petition, signed by some three thousand electors of the state, had been filed with the Secretary of State requesting the name of Robert M. LaFollette to be printed upon the ballot as a presidential candidate of the Republican party at the presidential preference primary election to be held on March 18, 1924. This petition had indorsed thereon the refusal of the attorney general to consent to the commencement of the action. This petition, together with the affidavit and refusal of the attorney general, was accompanied by a summons, signed by relator's attorneys, requiring the secretary of state to appear before the trial court at 11 A. M. on March 1, 1924, at Mandan, Morton county, North Dakota. These papers were served on the secretary of state at his office in Bismarck about an hour before the time designated in the summons. No appearance was made by the secretary of state, for the alleged reason that the time was too short. Thereupon, without framing issues or taking evidence, the trial court upon return of the papers issued its peremptory writ of mandamus which required the secretary of state to place the name of LaFollette upon the said primary election ballot. On March 3, 1924, the secretary of state appealed from the judgment and the writ. The cause was immediately placed upon the calendar of this court and heard on March 4, 1924, with attorneys for the respective parties present.

In substance, the appellant contends that he was not given an oppor-

tunity to make any appearance before the trial court and that no notice was given as required by law in such proceedings. There was neither an order to show cause nor an alternative writ of mandamus. The secretary of state admits that prior to March 1, 1924, a petition was duly filed, as provided by law, requesting him to place upon the ballot the name of Robert M. LaFollette as the candidate of the Republican party for the office of President of the United States at the primary election to be held on March 18, 1924, but, he avers that said LaFollette did not file with him any petition or request that his name be so placed upon the ballot and did not authorize anyone to file any petition for any such purpose; that, in fact, on or about February 28, 1924, and, prior to the date for the printing and distribution of the ballots, the said LaFollette sent to him, as secretary of state, a telegram, as follows:

"You are authorized and directed to withdraw my name as Presidential candidate at the approaching Primary Election March 18th."

Further, the secretary of state avers that, because of said telegram he did not place the name of said LaFollette upon the ballot and that he will not do so, unless compelled to do so by order of the court; that, by reason of the telegram requesting the withdrawal of the name of said LaFollette, the secretary of state, in accordance with the view of said LaFollette, acceded to his request. Appellant further contends that it was his duty to withdraw the name of said LaFollette when it appeared that said LaFollette was not an aspirant for said presidential nomination.

Section 8460, Comp. Laws 1913, relating to the issuance of the writ of mandamus, provides:

"When the application to the court is made without notice to the adverse party and the writ is allowed, the alternative writ must be first issued; but if the application is upon due notice and the writ is allowed, the peremptory writ may be issued in the first instance. *The notice of the application, when given, must be at least ten days. The writ cannot be granted by default. The case must be heard by the court whether the adverse party appears or not.*"

It is clear on the record that there was no compliance with this statute in the court below. It follows that the judgment must be reversed by reason of the failure of the trial court to give an opportunity to the

Secretary of State to be heard, as required by law. This necessitates the remanding of the cause to the trial court for compliance with the statutory requisites. Further, the respondent contends before this court that upon a hearing he will be able to establish that Robert M. LaFollette is an aspirant for the office of President of the United States on the Republican ticket, pursuant to the provisions of § 910, Comp. Laws 1913. In view of the limited time, expedition is required. Therefore, this cause is immediately remanded to the trial court for appropriate proceedings in the premises.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.

Mr. Justice CHRISTIANSON, deeming himself disqualified, did not participate.